

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| KEVIN WALTON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 9:04-2201-HFF-GCK |
| | § | |
| J.C. GREGG, JR., | § | |
| | § | |
| Respondent. | § | |
| | § | |

ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE, GRANTING RESPONDENT'S MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT, AND DENYING PETITIONER'S MOTIONS TO STAY, TO STRIKE, AND FOR SUMMARY JUDGMENT

**I.    INTRODUCTION**

This is a § 2241 action . Petitioner is proceeding *pro se*. This matter is before the Court for review of the United States Magistrate Judge's report and recommendation (report), in which he suggests that Respondent's motion to dismiss and motion for summary judgment be granted and Petitioner's motion to stay, motion to strike, and motion for summary judgment be denied. The report is made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 DSC.

**II.    REPORT AND RECOMMENDATION**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court.

*See Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Magistrate Judge George Kosko filed his report on June 28, 2005. Petitioner timely filed his objections on July 6, 2005. This Court will review each objection in turn.

### III.     FACTUAL AND PROCEDURAL HISTORY

In April of 2003, Petitioner was arrested by the Chesterfield County Police Department in Chesterfield, Virginia based on warrants that were issued by the Florence County's Sheriff's Office. As a result, proceedings began to extradite Petitioner to South Carolina. While detained in Chesterfield, however, a Missouri warrant against Petitioner was discovered.

Extradition was granted to South Carolina and Petitioner has since been held at the Florence County Detention Center (FCDC) as a pre-trial detainee. Subsequently, Petitioner filed a petition for writ of *habeas corpus*. Petitioner argues that extradition to South Carolina was improper and that extradition should have been granted to Missouri. Petitioner relies on the Interstate Agreement on Detainers Act for this claim.

### IV.     PETITIONER'S OBJECTIONS

*A.     Interstate Agreement on Detainers Act*

The Interstate Agreement on Detainers Act (IADA) is an interstate compact pursuant to art. I § 10 cl. 3 of the United States Constitution and is treated as federal law. *New York v. Hill*, 528 U.S. 110, 111 (2000). The IADA establishes "procedures for resolution of one State's outstanding charges against a prisoner of another State." *Id.* at 111. For purposes of the IADA, a prisoner is an

individual who has "entered upon a term of imprisonment in a penal or correctional institution . . . ." S.C. Code Ann. § 17-11-10 (Law Co-op 2003).

Petitioner is a pre-trial detainee at the FCDC. Hence, the IADA is inapplicable as it applies to sentenced prisoners only. *United States v. Woolfolk*, 399 F.3d 590, 599 (4th Cir. 2005) (Michael, J., concurring). In his amended objections, Petitioner concedes this contention. Absent the support of the IADA, Petitioner's claims must fail.

*B.     Other Objections*

The Court has reviewed Petitioner's remaining objections and finds them to be without merit.

### IV.   CONCLUSION

Therefore, after a thorough review of the report and the objections thereto pursuant to the standard set forth above, and in light of the above analysis, the Court overrules Petitioner's objections, adopts the report to the extent that it does not contradict this order and incorporates it herein. Accordingly, Respondent's motions to dismiss and for summary judgment are **GRANTED**. Petitioner's motions to stay, to strike, and for summary judgment are **DENIED**.

**IT IS SO ORDERED.**

Signed this 28th day of July, 2005, in Spartanburg, South Carolina.

s/ Henry F. Floyd

HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
### NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has a right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.